UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS ALEXY BONILLA BONILLA,

Petitioner,

v. Case No. 3:26-cv-3059-JEP-PDB

ERIC HALL, et al.,

Respondents.

______________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 on November 4, 2026. (Doc. 2). Petitioner, a citizen of El Salvador, first entered the United States without inspection in April 1994. (*Id.* at 4). He was granted employment authorization and temporary protected status ("TPS"). (*See id.*). In 2018, United States Citizenship and Immigration Services granted him authorization to travel temporarily to El Salvador, and he returned to the United States on December 2, 2018, on advanced parole. (*Id.* at 5). On October 19, 2026, Petitioner was a passenger in a vehicle that was stopped by local law enforcement. (*Id.* at 5). He was then taken into ICE custody, which he "alleges on information and belief" was "based on [his] immigration status." (*Id.*). On that same day, the

Department of Homeland Security initiated removal proceedings against Petitioner by issuing a notice to appear classifying him "as admitted while charging lack of a valid unexpired immigrant visa." (*Id.* at 6). On October 29, 2026, Petitioner was issued "Additional Charges of Inadmissibility/Deportability," classifying him as an arriving alien based on his 2018 re-entry on advanced parole. (*See* Doc. 2-1 at 127).

Petitioner claims, among other things, that his detention violates 8 U.S.C. § 1254a(d)(4), which states: "An alien provided [TPS] under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." (Doc. 2 at 7). As relief, Petitioner seeks immediate release. (*Id.* at 8, 10).

It is undisputed that Petitioner currently possesses TPS. (*Id.* at 4; Doc. 12 at 1). Despite being ordered to show cause why the amended petition should not be granted, the Federal Respondents filed a one paragraph response stating:

> Petitioner Carlos Alexy Bonilla Bonilla, a national and citizen of El Salvador, challenges his detention by [ICE], arguing he is entitled to immediate release. According to ICE, Bonilla Bonilla currently possesses [TPS]. Bonilla Bonilla is currently detained, although ICE is currently evaluating his detention status. Undersigned counsel will therefore provide the Court further information regarding any updated detention status once it is received.

(Doc. 12 at 1). The Federal Respondents neither opposed the amended petition, nor asked for additional time within which to show cause why the amended petition should not be granted. As such, the Court treats the amended petition as unopposed by the Federal Respondents.

TPS "may be conferred on an alien who is a national of a foreign state that the Secretary of the Department of Homeland Security has designated for inclusion in the [TPS] program[,] . . . based on certain conditions in the country[.]" *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1265 (11th Cir. 2011) (citing 8 U.S.C. § 1254a). When granted TPS, an alien "is not subject to removal 'from the United States during the period in which such status is in effect[.]'" *Id.* (quoting 8 U.S.C. § 1254a(b)(1)). Further, "[a]n alien provided [TPS] . . . shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

Here, the Federal Respondents present no reason justifying Petitioner's detention. (*See* Doc. 12). Accordingly, it is **ORDERED**:

1. Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 2) is **GRANTED** as to his claim that his current detention is unlawful based on his TPS.[1] Respondents

[1] The Court need not address Petitioner's remaining claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner]

shall release Petitioner **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 9) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting to the extent stated the amended petition, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 18, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

could obtain on that claim would be cumulative"); *see also Garcia v. Guthrie*, No. 2:26-cv-791-KCD, 2026 WL 1139123, at *2 (M.D. Fla. Apr. 28, 2026) ("The remedy for such an unlawful detention is immediate release. And because that straightforward conclusion fully resolves the petition, the Court need not . . . reach [Petitioner's] other claims.").

c:
Counsel of Record